United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30708
Summary Calendar

EMMETT SPOONER, JR,

Plaintiff-Appellant,

versus

JACK T. MARIONEAUX;
WEST BATON ROUGE PARISH SCHOOL BOARD;
STATE OF LOUISIANA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(3:03-CV-928-D-M2)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Emmett Spooner, now federal prisoner no. 03514-095, challenges the district court's dismissal of his 42 U.S.C. § 1983 action and his application to proceed in forma pauperis ("IFP") on appeal. He contests the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Spooner contends that his conviction was invalid because he was charged with forgery but convicted of attempted forgery. This claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because it impugns the validity of a conviction that has not been set aside on appeal or through other proper channels of post-conviction relief.

Spooner also contends that the statute under which he was suspended without pay violates the Ex Post Facto Clause. This claims fails on several grounds: It is untimely; it is barred by the doctrines of claim preclusion and Eleventh Amendment immunity; and it lacks merit because the statute is a nonpenal regulation serving a legitimate governmental purpose. See Smith v. Doe, 538 U.S. 84, 92 (2003).

Spooner has not demonstrated that he will raise a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Spooner's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 n.24.

The dismissal of this appeal as frivolous counts as a "strike" under the Prison Litigation Reform Act. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Accordingly, Spooner is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.